UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A.J. PELLEGRINO,

    Plaintiff,

v.                                                  Case No.: 8:17-cv-1824-T-23AAS

GENUINE PARTS COMPANY (GPC)
A/K/A NAPA AUTO PARTS, a Foreign
Profit Corporation,

    Defendant.
_____/

## ORDER

Defendant Genuine Parts Company (GPC) A/K/A NAPA Auto Parts ("NAPA") moves to compel better responses to its first interrogatories and requests for production. (Doc. 25).

## I.    BACKGROUND

Plaintiff A.J. Pellegrino ("Pellegrino"), a former employee of NAPA, alleges that NAPA violated the Florida Civil Rights Act and the Family and Medical Leave Act. (Doc. 2). Specifically, Pellegrino alleges NAPA wrongfully demoted him from the position of store manager to the position of assistant store manager due to his age and medical issues. (*Id.*).

NAPA served Pellegrino with its First Set of Interrogatories and Requests for Production. (Doc. 25). After seeking extensions of time to respond, Pellegrino eventually provided NAPA with interrogatory responses, but failed to produce any documents. (*Id.*). After NAPA filed this motion, Pellegrino provided documents responsive to the outstanding discovery requests, but objected to revising its answers to Interrogatory Nos. 3, 8, 9, 16, 17, and 21. (Doc. 26).

## II.    ANALYSIS

Motions to compel discovery are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 26(b) of the Federal Rules of Civil Procedure governs the scope of discovery. That rule provides, in relevant part, that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

### A.    Requests for Production

Pellegrino asserts that he tendered all documents responsive to NAPA's Requests for Production. (Doc. 26, p. 1). Based on the motion and response, it appears Pellegrino withheld documents that pre-date 2015 but are otherwise responsive to Request Nos. 7, 23, and 27. Because NAPA has not adequately demonstrated how the 2013 and 2014 documents requested in Request Nos. 7, 23, and 27 are relevant and proportional to the claims or defenses in this case, Pellegrino will not be compelled to produce pre-2015 documents in response to these three requests. Because Pellegrino claims he has otherwise produced the responsive documents, the motion to compel is denied.

Prior to serving any future requests or objections, the parties must review the Middle District Discovery Manual. The document requests at issue in this motion are not clear, concise,

and reasonably particularized. The objections likewise lack the requisite specificity. All future document requests and objections must comply with the Federal Rules of Civil Procedure and the Middle District Discovery Manual.

### B. Interrogatories

NAPA moved to compel better answers to six interrogatories: Interrogatory Nos. 3, 8, 9, 16, 17, and 21.

> **Interrogatory No. 3:** Identify all lay witnesses (including his or her full name; any known nickname and aliases; present or last known home address and telephone number; present or last known position and business affiliation or employment and the address and telephone number there; and his or her employment and position at the time in question) whom you contend have knowledge of the allegations in your Complaint and/or whom you will or may call to testify at trial, and describe the issues(s) and facts to which each lay witness' testimony will relate.
>
> *Answer:* Trial decisions have not been made at this time.

Pellegrino's response to Interrogatory No. 3 is sufficient. NAPA states that this interrogatory "requests the names of the individuals [Pellegrino] contends to have knowledge of the allegations in the Complaint, including those whom he may call to testify at trial." (Doc. 25, p. 5). However, this is inaccurate. Indeed, Interrogatory No. 1 seeks that information and NAPA does not challenge Pellegrino's response to that interrogatory. In Interrogatory No. 3, by adding the confusing and imprecise "and/or" and "whom you will or may call to testify at trial, and describe the issue(s) and facts to which each lay witness' testimony will relate," NAPA has narrowed this interrogatory to those lay witnesses Pellegrino intends to call at trial and the topics about which they will testify. Such an interrogatory is premature at this stage in the litigation. Thus, NAPA's motion is denied as to Interrogatory No. 3.

> **Interrogatory No. 8:** Identify any and all notes, memoranda, or other relevant documents created by you or anyone on your behalf from January 1, 2013, to the present relating to

your employment with NAPA and/or the claims contained in your Complaint.

*Objection:* The Plaintiff objects to this Interrogatory on the basis that it is overly broad. Information concerning the period of time preceding 2015 has no bearing on the claims raised by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence or otherwise relevant. The Plaintiff further objects that the wording of this Interrogatory necessarily calls for documents that could have been created by counsel for the Plaintiff and which would constitute attorney work product or attorney-client communications.

*Answer:* Subject to the foregoing objection, from the time period of January 1, 2015 to the present, responsive documents known to the Plaintiff are produced in response to the Defendant's Requests for Production.

NAPA's request broadly seeks *any* documents created by Pellegrino, or on his behalf, relating to his employment with NAPA for the past five years. This request potentially encompasses an endless amount of documents relating to every aspect of Pellegrino's employment. This broad request is not proportional to the needs in this case. In addition, document requests should be in the form of a request for production pursuant to Federal Rule of Civil Procedure 34, rather than an interrogatory requesting a compiled list of documents. For these reasons, NAPA's motion is denied as to Interrogatory No. 8.

**Interrogatory No. 9:** For the years of 2013 to the present, please identify the telephone service provider (by name, address, billing address - if different, and your account number) for the personal home and/or cellular telephone Plaintiff has utilized while employed with NAPA. If Plaintiff has utilized more than one personal telephone and/or telephone number during his tenure with NAPA, please answer this Interrogatory fully with respect to each telephone/telephone number.

*Objection:* The Plaintiff objects to this Interrogatory on the basis that it is overly broad. Information concerning the period of time preceding 2015 has no bearing on the claims raised by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence or otherwise relevant.

*Answer:* Home: 813-419-4441—Verizon (now Frontier)
Cellular: 813-629-1930—Verizon

4

NAPA has not met their burden of demonstrating why Pellegrino's 2013 and 2014 cellular and home telephone numbers and carriers are relevant and proportional to the needs of this case. Pellegrino's response is sufficient and NAPA's motion is denied as to Interrogatory No. 9.

> **Interrogatory No. 16:** Please state whether you have submitted an employment application, sent a résumé or made any attempts to secure employment and/or an alternate position with any person, corporation (other than NAPA), partnership or other entity since January 1, 2013. If so, please identify every employer (by complete name, address and telephone number) to whom you made application or other contact, the date of the contact, the position for which you sought consideration, and the current status of the application or contact (e.g., if you were offered a job, if the employer is still holding your application, if you were denied the position you applied for, if you received no response, etc.) and the reason given to you for the disposition of your application.
>
> *Objection:* The Plaintiff objects to this Interrogatory on the basis that it is overly broad. Information concerning the period of time preceding 2015 has no bearing on the claims raised by the Plaintiff, and is not reasonably calculated to lead to the discovery of admissible evidence or otherwise relevant.
>
> *Answer:* Subject to the foregoing objection, from 2015 forward, I have attempted to seek employment elsewhere, but have been rejected for unknown reasons.

The information requested is relevant and proportional only to the extent that the interrogatory seeks Pellegrino's attempts to secure employment since the date of his demotion. Post-demotion attempts to apply for other employment are relevant to Pellegrino's efforts to mitigate his damages. However, seeking information as to the identity of every person or other entity with whom Pellegrino has made "other contact" is overly broad and confusing. Thus, Pellegrino shall provide the following information for all applications for employment he has submitted since November 2015: approximate dates of application, position(s), potential employer, and, if known, the current status of the application. Otherwise, the motion is denied.

> **Interrogatory No. 17:** Identify all income or other monies that you have received, from whatever source other than NAPA, including any sums received from any federal, state and/or local government, as well as pursuant to any employment that you have held (or other work for which you have received compensation, including, but not limited to, any

5

self-employment and/or work performed as an independent contractor) since January 2013, and identify the source(s) and amount(s) of such income or monies.

*Answer:* None.

This interrogatory, though overbroad, is proper to the extent that it seeks information relevant to Pellegrino's mitigation of damages. Thus, only information since November 2015, when NAPA demoted Pellegrino, is relevant and proportional to the needs of this case. Pellegrino response is sufficient and NAPA's motion is denied.

**Interrogatory No. 21:** List all medical personnel, including physical therapists, psychological counselors, psychologists, psychiatrists, counselors, therapists or practitioners of the healing arts, with whom you have ever sought treatment for your alleged "unexpected medical event," and/or any related conditions. For each such treatment, please include the full name, address, and telephone number of each such individual who examined or treated you and the reason for each such examination or treatment.

*Answer:* I believe all information responsive to this question was provided to the Defendant in connection with my Family and Medical Leave Act leave request and usage, and would be contained in the Defendant's files.

Pellegrino's response is insufficient. Pellegrino's "unexpected medical event" is directly related to his FMLA retaliation claim, and information pertaining to that event is relevant and proportional to the needs of this case. (*See* Doc. 2, pp. 4-5). Pellegrino shall amend his response to this interrogatory no later than **February 7, 2018**.

### III. CONCLUSION

Accordingly, it is **ORDERED** that NAPA's Motion to Compel Discovery (Doc. 25) is **GRANTED in part and DENIED in part** as provided herein.

**ORDERED** in Tampa, Florida on this 26th day of January, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge